**UNITED STATES of America,**
**Plaintiff,**

v.

**M. W. PARKS, Carter Parks, and Ed Parks, Defendants.**

**Civ. A. No. 1860.**

United States District Court
W. D. North Carolina,
Asheville Division.

Dec. 7, 1962.

William Medford, U. S. Atty., J. O. Israel, Jr., Robert J. Robinson, Asst. U. S. Attys., Asheville, N. C., for plaintiff.

Mashburn & Huff, Marshall, N. C., D. M. Amick, Newport, Tenn., for defendants.

WARLICK, District Judge.

This is a civil action brought by the United States of America against the defendants to quiet title to certain lands located in Madison County, North Carolina, and to enjoin the defendants from committing trespass on the said lands. In addition, the plaintiff asks for damages in the amount of $295.02, with interest, as payment for timber allegedly cut from the lands of the plaintiff by the defendants.

The defendant Carter Parks does not assert any claim to ownership in the lands involved, but does admit that he cut timber from land claimed by his father, the defendant, M. W. Parks, and that this timber was cut at the direction of the said M. W. Parks. The defendant Ed Parks and M. W. Parks assert that they own 146.3 acres of land in Madison County, and that their land is bounded on the South and East by that owned by the plaintiff. They further admit having caused timber to be cut in the Shut-In Creek Section of Madison County, but deny that this was on the land belonging to the plaintiff.

The only issue for determination is the true location of the boundary line between the lands of the plaintiff and the defendants. This issue will also determine the ownership of the timber involved in this action.

In 1936 and 1937 the United States condemned certain lands in the Shut-In Creek Section of Madison County, North Carolina, as part of its Pisgah National Forest. These lands were designated in the condemnation proceedings as the "Mrs. John Gowan and heirs Tracts Nos. 530 and 530–I;" "the G. C. Carver Tract No. 532," and the "Fiske and Gudger Tract No. 472." (Hereinafter referred to by number) These tracts were described by metes and bounds in the condemnation proceedings and are set forth in paragraphs III and IV of the complaint in this action. A decree was entered on October 24, 1936, vesting title to Tracts 530, 530–I and 532 in the plaintiff, and a similar decree vesting title to Tract 472 in the plaintiff was entered on February 26, 1937.

In both of these condemnation proceedings William Lamb and wife Maggie Lamb (who are predecessors in title to the defendant M. W. Parks) were designated as parties defendant thereto, as adjacent landowners, and service of summons was made upon them by publication as provided by 40 U.S.C.A. § 257 and § 258 and N.C.G.S. § 40–13.

By a deed dated December 14, 1942, recorded in Deed Book 69 at page 377 in the office of the Register of Deeds of Madison County, North Carolina, William Lamb and wife, Maggie Lamb conveyed to the defendant M. W. Parks the following described tract of land:

"A certain piece, parcel or lot of land, situate, lying and being in No. 9 Township, Madison County, North Carolina, and bounded and more particularly described as follows: Adjoining the lands of Will Gowan, Johnny Gowan and others, BEGINNING at the top of a knob at the State Line and runs South 10 West 80 poles to a stake in the State Line; thence North 70 East

140 poles to a stake; thence North 20 East about 80 Poles to a stake, John Gowan's line; thence North 20 poles to the top of the ridge; thence with the meanders of the top of said ridge to the beginning, containing sixty-six (66) acres, be the same more or less."

Sometime during the month of August 1957, the defendant Carter Parks cut and removed certain timber from the lands in the Shut-In Creek Section of Madison County. Approximately one year later, by a deed dated August 1, 1958, and recorded in Deed Book 89 at page 498 in the office of Register of Deeds of Madison County, North Carolina, the defendant M. W. Parks and wife Della Parks purported to convey to the defendant C. M. (Carter) Parks a certain tract of land described as follows:

"All that certain tract of land lying and being in No. 9 Township, Madison County, N. C. adjoining the North Carolina-Tennessee State Lines, and being more particularly described according to a survey thereof, made by C. H. Fox, and dated June 27, 1958, as follows:

BEGINNING on a stake on a high knob in the Tennessee-North Carolina State Line, said stake being at the Southwest corner of the Ervin Sexton Tract, and runs thence with the State Line South 10 deg. West 90 poles to a stake; thence leaving said line and running North 70 deg. East 140 poles to a stake; thence North 20 deg. East 190 poles to a stake, the Anderson Miller corner; thence South 70 deg. West 72 poles to a stake on a ridge; then with the meanders of the ridge to the BEGINNING, containing 146.3 acres more or less."

By deed dated August 16, 1958 and recorded in Deed Book 89 at page 505 in the office of the Register of Deeds for Madison County, North Carolina, C. M. Parks and wife, Mae Parks purported to convey the same lands described above back to the defendant M. W. Parks.

The description contained in the last two mentioned deeds was written by C. H. Fox, a surveyor employed by the defendant M. W. Parks. The description is based upon a partial survey by Fox of the metes and bounds description of a certain tract of land set out in one Anderson Miller's will. M. W. Parks directed the surveyor to begin at a specified point, and Fox, assuming the beginning point to be properly located, surveyed only a portion of the description contained in the will and then prepared the description contained in the two deeds, which description does not even close.

While these last two mentioned deeds intended and purported to convey the land M. W. Parks acquired from the Lambs, they also purport to convey an additional 80.3 acres more than that conveyed by the Lamb Deed. Where M. W. Parks acquired this additional land is not satisfactorily explained nor does he show any chain of title connecting him with the Anderson Miller Will, except for that land he acquired by deed from the Lambs.

It then follows that since the only chain of title the defendants claim by or through is that from William and Maggie Lamb, and since the Lambs were both made parties to the condemnation proceedings in 1936 and 1937, the boundaries as then established are controlling and binding on the defendants the same as they would be binding on the Lambs. Obviously the defendants could only acquire that which their grantors had the legal right to convey.

On the question of the boundaries, a plat prepared by Mr. L. H. Mielke, a forest service engineer, shows fairly and accurately the location of the boundary lines of these tracts as they were described in the condemnation proceedings. This plat is appended hereto and made a part of this judgment.

When placed upon the plat, the metes and bounds description set forth in the deed from William Lamb and wife Maggie Lamb to M. W. Parks shows a lap-

page upon Tracts Nos. 532, 472, and 530–I; and also the metes and bounds description set forth in the deed from M. W. Parks and wife to C. M. Parks, and the deed from C. M. Parks and wife Mae Parks to M. W. Parks shows a lappage on Tracts Nos. 530, 530–I, 532, and 472, which lappage is larger than that in the Lamb Deed.

In addition to the expert opinion as to the location of the true boundary line, its location is further corroborated by the testimony of one who was wholly familiar with the land prior to the condemnation proceedings and who testified that the accepted and known boundary line between the "Tom Gowan Place (now Tract No. 532) and the "William Lamb Place" (now owned by the defendant M. W. Parks) was a rail fence running from a point in a ridge in the Tennessee-North Carolina State Line to a locust tree just below Tom Gowan's house. Remains of this rail fence still exist today along the Northern boundary line of Tract No. 532 (as it is shown on the plat) which indicates this to have been the accepted line between the two parties in those days.

Once established the true boundary line clearly shows that the timber in question was cut from the lands owned by the plaintiff.

## CONCLUSIONS OF LAW

Therefore I conclude that the court has jurisdiction of the parties and the subject matter of this action by virtue of Title 28 United States Code, § 1345.

That by virtue of the condemnation proceedings and decrees entered therein, the plaintiff is vested with title to Tracts Nos. 472, 530, 530–I and 532 as therein described and as shown on the plat appended hereto and made a part of this judgment.

The defendant M. W. Parks is vested with title only to that tract of land conveyed to him by William Lamb and wife Maggie Lamb which adjoins but does not lap upon any of the lands acquired by the plaintiff in the above mentioned condemnation proceedings, and their subsequent deed to M. W. Parks is null and void insofar as it purports to lap over and onto and thereby convey any of the lands belonging to the plaintiff.

The true boundary line between the lands of the United States and the lands of the defendants is as follows:

BEGINNING on a hickory tree in the North Carolina-Tennessee State Line at an old rail fence corner, the same being shown as corner 4 of Tract No. 532 on the L. H. Mielke plat attached hereto, and runs thence North 70 deg. 05′ East 29.21 chains to a locust tree, the Northeast corner or corner No. 1 of Tract 532 (which is also corner No. 51 of Tract No. 472 of said plat; thence North 73 deg. 45′ East 5.13 chains to a stake, the same being shown on the attached plat as corner No. 52 of Tract No. 472; thence North 21 deg. 12′ East 19.54 chains, crossing a branch of Shut-In Creek to a chestnut stump, the same being shown on the attached plat as corner 2 of Tract No. 530–I; thence North 34 deg. 28′ west 17.39 chains to a rock on a ridge, the same being shown on the attached plat as corner No. 1 of Tract No. 69; thence along and with the meanders of a ridge, as shown on said plat, to a stake on a high knob in the North Carolina-Tennessee State Line, the same being indicated on the attached plat as corner No. 2 of Tract 69; thence South 10 deg. West to the place of BEGINNING.

The plaintiff is entitled to recover of the defendant Carter Parks the amount of $295.02 together with interest at the rate of 6 per cent per annum from September 10, 1957 until paid, for timber cut and removed from the lands of the plaintiff.

The plaintiff is entitled to the peaceful possession of Tracts Nos. 530, 530–I, 532 and 472 as shown on the attached plat free from any interference or claim whatsoever by the defendants, and the defendants are permanently enjoined from committing any acts of trespass thereon or

interfering with the possession of the plaintiff in any manner.

The defendants will be taxed with the cost of this action.

Counsel will submit decree in accordance with this memorandum opinion.